UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONALD R. LANE, et al.                                                                    PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:10CV-114-S

PROGRESSIVE EXPRESS INSURANCE COMPANY                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiffs, Donald R. and Linda Lane, for default judgment against the defendant, Progressive Express Insurance Company (DN 19).

The Lanes, Kentucky residents, own a 2002 Teton Grand recreational vehicle ("RV") which they apparently keep in Florida. They insured the RV by purchasing a Florida insurance policy from Progressive Express. Progressive Express is an Ohio corporation which is not registered to conduct business in Kentucky. Progressive Express states that it has never sold, issued or delivered insurance policies for risks in Kentucky.[1] It has no agent for service of process in Kentucky.

The Lanes' RV sustained storm damage and they sought coverage under the policy. When no resolution was reached, the Lanes filed suit against Progressive Express and First Merit Corporation.[2] The Lanes first attempted to serve Progressive Express as a foreign insurer through the Kentucky Secretary of State. The Secretary of State served CT Corporation. However, the

---

[1]There appears to be a dispute between the parties on this point. Progressive Express urges that it issued a Florida policy because the Lanes indicated in their application for coverage that the garage address for the RV would be in Florida. The Lanes contend, however, that Progressive Express issued a Florida policy with a garage address in Kentucky. This dispute of fact need not be resolved for purposes of this opinion, as the only issue addressed herein is the sufficiency of service of process.

[2]The court has received notice of settlement between the Lanes and First merit Corporation (DN 23).

summons and complaint were returned because Progressive Express is not registered in Kentucky (DN 7).

The Lanes attempted service a second time by sending the summons and amended complaint by certified mail to "Progressive Express Insurance Co." at a Riverview, Florida address. In their motion for default, the Lanes state that this address appears somewhere in their insurance policy. (DN 19-1, p. 2). The Domestic Return Receipt Card was stamped "Howie Wakefield" and returned to counsel for the Lanes. Howie Wakefield is not an officer, director, or registered agent of Progressive Express, or the authorized or appointed agent for service of process in Florida or elsewhere. Dodrill Aff., ¶ 10. Howie Wakefield simply received the mailing addressed generally to Progressive Express.

Fed.R.Civ.P. 4(h) states that "...a corporation...must be served...by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process..." The Lanes did not comply with the rule. Rather, they urge that Progressive Express was aware of the pendency of the suit and that this notice is sufficient to entitle them to default judgment for Progressive Express' failure to answer the amended complaint. The Lanes note that their counsel sent a letter to the Louisville, Kentucky claims adjustor indicating that they had secured service via the Kentucky Secretary of State on Progressive Express and that the Lanes intended to seek default judgment. (DN 19-4).

Service of process is insufficient. *O.J. Distributing, Inc. v. Hornell Brewing Company, Inc.*, 340 F.3d 345, 354 (6th Cir. 2003)(no error in concluding service of process not effected as receptionist was not "authorized agent" for purposes of complying with Rule 4(d) or 4(h)). The Lanes cite no authority for the proposition that knowledge that a suit has been filed perfects

insufficient service of process. *Id.* (service of process insufficient despite knowledge of filing of suit).

Finally, the Lanes moved for entry of default judgment prior to entry of default by the clerk of court as required by Fed.R.Civ.P. 55. *Chico-Polo v. Embarq Payphone Services, Inc.*, 2011 WL 839181 (E.D.Mich. Feb. 4, 2011); *Inre Loeb*, 2006 WL 3104598 (E.D.Mich. 2006); *Ramada Franchise Systems v. Baroda Enterprises*, 220 F.R.D. 303, 305 (N.D.Ohio 2004)(entry of default is a prerequisite to entry of default judgment under Rule 55(b)).

Therefore, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, Donald R. and Linda Lane, for default judgment (DN 19) is **DENIED.**

**IT IS SO ORDERED.**